Opinion issued October 31, 2002












In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01169-CR






ADRIAN ASHLEY WHEATFALL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 873991






O P I N I O N


 A jury found appellant, Ashley Adrian Wheatfall, guilty of possession of
cocaine, weighing more than one gram and less than four grams, and assessed
punishment at 40 years confinement after finding true the allegations in enhancement
paragraphs that appellant had two prior felony convictions. In two points of error,
appellant contends the evidence was legally and factually insufficient to prove he
exercised control over the cocaine. 

Facts

 Pasadena Police Officer Christopher Sadler testified that he and two other
officers responded to a loud noise call at approximately 11:30 p.m. on April 8, 2001. 
When the officers arrived at the scene, they saw a man, Jimmie Bynum, walking away
from the source of the noise. The officers followed Bynum to a parked car with a
woman sitting in the driver's seat. When Sadler asked Bynum what he was doing, he
saw Bynum drop a marihuana cigarette into the passenger seat of the car and
subsequently arrested him.

 When Officer Sadler asked the woman where Bynum acquired the marihuana,
she pointed to a nearby building and told Sadler that the marihuana was acquired
from the "window of the second apartment." Sadler then approached what he later
identified as apartment number 115 and knocked on the door. (1) While Sadler was
awaiting a response, a door opened behind Sadler from apartment number 113. 
Sadler turned around and saw a man standing in the doorway, and a woman, whom
he recognized as Lorie Gaston, sitting in an easy chair. As Sadler said, "hello Lorie,"
to the woman, appellant, who was on the couch, "dove" for a black plate on top of a
glass table in front of the couch where appellant was seated. The inside of the
apartment was well-illuminated and Sadler had a clear view of Gaston, appellant, and
the black plate. Sadler saw what appeared to be crack cocaine on the black plate.

 When Sadler saw appellant diving towards the black plate, he told appellant
and Gaston to sit down. They complied with his request and Officer Sadler walked
through the doorway and secured the black plate, which contained approximately 3.3
grams of crack cocaine. Sadler testified that, along with appellant and Lorie Gaston,
there were seven to eight children in the apartment and two adult men.

Legal Sufficiency of the Evidence

 In his first point of error, appellant argues the evidence was legally insufficient
to support his conviction because the State failed to establish that he exercised control
over the cocaine. 

 When reviewing the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We are not
permitted to substitute our judgment for that of the jury. Id. 

 To convict a defendant of possession of a controlled substance, the State must
prove that (1) the defendant exercised care, custody, control, or management over the
substance and (2) the defendant knew it was contraband. McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985). Possession does not have to be exclusive,
and evidence showing the accused jointly possessed the contraband with another is
sufficient. Harvey v. State, 487 S.W.2d 75, 77 (Tex. Crim. App. 1972). Mere
presence at the place searched does not itself justify a finding of joint possession of
contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). Whether
the case is tried on the theory of joint or sole possession, defendants must be
affirmatively linked with the drugs allegedly possessed. Brown v. State, 911 S.W.2d
744, 748 (Tex. Crim. App. 1995). Proof of the affirmative link need not be so strong
that it excludes every other outstanding reasonable hypothesis except the defendant's
guilt. Id. 

 Courts have set out various factors to be used to establish affirmative links. 
Those factors are whether (1) the contraband was in plain view, (2) the contraband
was conveniently accessible to the accused, (3) the contraband was in a place owned
by the accused, (4) the accused was the driver of the automobile in which the
contraband was found, (5) the contraband was found on the same side of the car seat
as the accused was sitting, (6) the place where the contraband was found was
enclosed, (7) the odor of marijuana was present, (8) paraphernalia to use the
contraband was in view or found on the accused, (9) there was conduct of the accused
indicating a consciousness of guilt, (10) the accused had a special relationship to the
contraband, (11) the occupants of the automobile gave conflicting statements about
relevant matters, (12) the physical condition of the accused indicated a recent
consumption of the contraband found in the car, and (13) affirmative statements
connect the accused to the contraband. Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.--Houston [1st Dist.] 1994, writ ref'd). The number of factors present is not as
important as the logical force the factors have in affirmatively linking the defendant
to the contraband. Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.--Houston [1st
Dist.] 1994, writ ref'd).

 Here, the evidence showed that appellant was one of two people renting the
apartment. The manager of the apartment complex, Mortenson, testified that she had
rented the apartment to Lorie Gaston and appellant. Gaston's son, Spinks, testified
that appellant lived at the apartment. Officer Sadler testified that the plate of crack
cocaine was in front of appellant, in plain view, and readily accessible to appellant. 
Sadler stated that there was a "large amount of rocks" on the black plate, and it was
in close proximity to appellant, showing a greater likelihood that appellant was aware
of the cocaine's presence. 

 Sadler's testimony regarding appellant's attempt to dive toward the plate of
cocaine established a relationship between appellant and the cocaine. Appellant's
attempt to secure the cocaine was evidence of appellant's knowledge of its presence
and of appellant's exercise of control over it. His conduct in diving towards the
cocaine also shows appellant's consciousness of guilt--he knew that there was
cocaine in front of him and he acted out of guilt when he saw Sadler in the doorway.

 Based upon our review of the record, we conclude that a rational trier of fact
could have found beyond a reasonable doubt that appellant exercised control over the
cocaine.

 We overrule appellant's first point of error.Factual Sufficiency of the Evidence

 In his second point of error, appellant argues that the evidence was factually
insufficient to support his conviction because the State failed to establish that he
exercised control over the cocaine. 

 When reviewing the factual sufficiency of the evidence, we must determine
"whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury's determination, or the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof." King, 29 S.W.3d at 563. We will reverse the
judgment of the trial court only if a manifest injustice has occurred. Id. 

 Appellant attacks the credibility of the testifying officers, arguing that their
"assertions and descriptions of what occurred are so ridiculous that they reflect poorly
on their credibility." Appellant characterizes Officer Sadler's correction of a
typographical error on his police report as an act of fabrication, stating that the
revision "defeats all civilized concepts of fair play." However, in determining the
factual sufficiency of the evidence, we are not to substitute our judgment for that of
the fact finder. Id. The jury could reasonably have found that Officer Sadler's
testimony was credible and that appellant had control over the cocaine.

 Appellant further argues that the greater weight of the evidence proves "only
that appellant was in the same room with what he likely knew was a controlled
substance and that he made some move to get it out of the officer's view." He argues
that he was only one of several people in the apartment; he was not shown to be under
the influence of narcotics; and it was Gaston, rather than appellant, who was charged
with intent to deliver cocaine. However, Officer Sadler testified that, when appellant
saw him, appellant dove for the plate with the cocaine on it. Appellant's attempt to
presumably hide the cocaine demonstrates that he exercised control over it. None of
the facts cited by appellant demonstrates that proof of appellant's control over the
cocaine was so obviously weak as to undermine the jury's determination. Nor do the
facts cited by appellant greatly outweigh proof of his control over the cocaine. Thus,
we hold that the evidence was factually sufficient to support the finding that appellant
exercised control over the cocaine. 

 We overrule appellant's second point of error.

Conclusion

 We affirm the judgment of the trial court.


 

 

 Sherry J. Radack

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.
1. Sadler testified he made a typographical error in his offense report and put
apartment number 114 instead of 115.